Filed 2/5/24  P. v. Narvaez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROMMEL NARVAEZ,<br><br>    Defendant and Appellant. | A168482<br><br><br>(San Mateo County<br>Super. Ct. No. SC078039A) |

Defendant appeals from a judgment of conviction and sentence after he entered a no contest plea to second degree robbery (Pen. Code, § 212.5, subd. (c); count 1);[1] admitted a weapon enhancement pursuant to section 12022.5; and admitted a prior strike offense under section 1170.12, subdivision (c)(1). Defendant's attorney asks that we independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We find no arguable issues and we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 20, 2013, the San Mateo County District Attorney filed an amended information alleging that on April 8, 2013, defendant committed one count of robbery (§ 212.5, subd. (c); count 1) and one count of assault with

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

a firearm against victim J.C. (§ 245; count 2). The amended information also alleged enhancements for the personal use of a firearm, under sections 12022.53, subdivision (b) and 12022.5, subdivision (a), and for a prior strike and a prior serious felony conviction in 2011 (§§ 667, subd. (a), 1170.12, subd. (c)(1)).[2]

On September 30, 2013, defendant was released on bail pending trial. On December 2, 2013, defendant failed to appear for trial and a bench warrant was issued.

On August 31, 2016, defendant was arrested and again released on bail. A jury trial began on May 30, 2018. On the fifth day of the jury trial, a mistrial was declared after the trial judge learned defendant had contacted jurors during the trial. Defendant was charged with jury tampering in a separate action and held without bail.

While in custody on the two pending cases, defendant was arrested for making fraudulent claims to the Employment Development Department, for unemployment benefits.

On January 13, 2023, defendant agreed to a negotiated disposition of all three matters. As to the robbery case, defendant submitted a signed document entitled "Declaration Concerning a Plea or Change of Plea to Guilty or Nolo Contendere," stating he was changing his plea to nolo contendere on second degree robbery (§ 212.5, subd. (c); count 1) and admitting the section 12022.5 firearm enhancement and the prior strike (§ 1170.12, subd. (c)(1)) in exchange for a sentence range between 9 and 16 years, consecutive to the other two cases. The declaration acknowledged that

---

[2] The amended information also alleged a robbery and assault with a firearm on April 7, 2013, against victim K.C. However, the People later dismissed these counts based on a lack of jurisdiction.

defendant's plea was made freely and voluntarily and that he was giving up his rights to trial by jury, to confront witnesses, to subpoena witnesses, and to remain silent. At the plea hearing on January 13, 2023, defendant confirmed his signature on the plea form, that he had not been forced to enter the plea, and that he was waiving his constitutional rights. The defendant also confirmed that he understood the maximum penalty for entering a plea to robbery and a prior strike is up to 20 years in prison. He entered a no contest plea to robbery (§ 212.5; count 1), admitted the firearm enhancement (§ 12022.5, subd. (a)), and admitted the prior strike and prior serious felony based on an April 30, 2011 robbery conviction (§ 212.5, subd. (c)). Defense counsel stipulated to the factual basis for the plea.

The trial court found a factual basis for defendant's plea, found his plea and admissions were freely and voluntarily entered, and found defendant guilty based upon the plea.

At sentencing, defendant requested that the trial court sentence him to nine years and exercise its discretion, under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, to dismiss the prior strike. The trial court denied the *Romero* motion, concluding that the interests of justice did not support dismissing the prior strike and that to do so would result in a substantial risk of serious bodily injury in the commission of another offense. The trial court sentenced defendant to 10 years in prison, comprised of the middle term of three years for robbery (§§ 212.5, subd. (c), 213, subd. (a)(2)) doubled based on the prior strike (§ 1170.12, subd. (c)(1)), plus the middle term of four years on the firearm enhancement (§ 12022.5). The court awarded defendant 2,312 days of presentence credit, comprised of 2,011 actual days in custody plus 301 days of conduct credits. Defendant was also ordered to pay a $300 restitution fine; a $40 court operations

assessment; a $30 criminal conviction fee; and a $300 parole revocation restitution fine, which was stayed pending successful completion of parole.

Defendant filed a notice of appeal based on the sentence or matters occurring after the plea that do not affect the validity of the plea (Cal. Rules of Court, rule 8.304(b)) and on the "denial of motions for reasonable bail." As to the latter ground, defendant sought and was denied a certificate of probable cause.

## DISCUSSION

Defendant's counsel submitted a declaration with the opening brief stating that he advised defendant that he would be filing a *Wende* brief and that defendant could personally file a supplemental brief within 30 days to raise any matters he wished to bring to the court's attention. The 30-day period has expired, and we have not received any supplemental brief or correspondence from defendant.

Section 1237.5 requires a defendant to obtain a certificate of probable cause from the trial court to appeal from a judgment of conviction upon a plea of guilty or nolo contendere. (*People v. Shelton* (2006) 37 Cal.4th 759, 766.) *Shelton* explains that " '[d]espite this broad language, we have held that two types of issues may be raised on appeal following a guilty or nolo plea without the need for a certificate: issues relating to the validity of a search and seizure, for which an appeal is provided under . . . section 1538.5, subdivision (m), and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' " (*Ibid.*) The trial court denied defendant's request for a certificate of probable cause. Nothing in the record indicates any issues regarding the validity of a search and seizure. Thus, our review is limited to

4

issues regarding the proceedings held subsequent to the plea and the penalty imposed.

The trial court has discretion to dismiss a prior strike conviction in furtherance of justice under section 1385. (§ 1385, subd. (a); *People v. Superior Court (Romero), supra*, 13 Cal.4th at pp. 529–530.) In considering whether to exercise its discretion, the trial court "must consider whether, in light of the nature and circumstance of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the court's decision on whether to dismiss a prior strike under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 375–377.)

We have examined the entire record and are satisfied that defendant's attorney fully complied with his responsibilities and that there are no arguable issues on appeal. (*Wende, supra*, 25 Cal.3d at pp. 440–441.) The trial court properly considered the relevant factors of the nature and circumstances of defendant's current offense and record and did not abuse its discretion when it denied defendant's request to dismiss his prior strike.

### DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Simons, J.
Burns, J.                  A168482/*People v. Rommel Narvaez*

5